**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| KAREN MILLS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: 20-CV-1409 |
| | § | |
| WALMART STORES, INC. | § | ` JURY DEMANDED |

<u>**INDEX OF DOCUMENTS FILED**</u>
<u>**WITH REMOVAL ACTION**</u>

A.   Plaintiff's Original Petition.
B.   CT Corporation Service of Process Transmittal and Executed Citation.
C.   Defendant, Walmart Stores, Inc.'s Original Answer to Plaintiff's Original Petition.
D.   Defendant, Walmart Stores, Inc.'s Demand for Jury Trial.
E.   District Clerk's Case History.
F.   List of Counsel of Record.

# Exhibit A

E-FILED
Bexar County, County Clerk
Lucy Adame-Clark
Submission Date: 9/3/2020 10:57 AM
Accepted Date: 9/4/2020 10:51 AM
Accepted By: Valerie Tristan
/s/ Valerie Tristan
Deputy Clerk

CAUSE NO. 2020CV04280

| | | |
|---|---|---|
| KAREN MILLS, | § | IN THE COUNTY COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | AT LAW NO. CC# 10 |
| | § | |
| WALMART STORES, INC. | § | |
| *Defendant,* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, KAREN MILLS, Plaintiff, complaining of and about WALMART STORES, INC., Defendant, and for cause of action would show unto the Court the following:

### NOTICE PURSUANT TO RULES 47 AND 169 OF THE TEXAS RULES OF CIVIL PROCEDURE

1.1     Only monetary relief over ONE HUNDRED THOUSAND DOLLARS ($100,000.00) but not more than TWO HUNDRED THOUSAND DOLLARS ($200,000.00) including damages of any kind, penalties, costs, expenses, pre-judgment interest, post judgment interest and attorney's fees are being sought.

### PARTIES AND SERVICE

2.1     Plaintiff, KAREN MILLS, is an individual who resides in San Antonio, Bexar County, Texas. The last three digits of Plaintiff's Social Security are 888.

2.2     Defendant, WALMART STORES, INC., is a company operating in the State of Texas and service of process may be effected upon said Defendant by serving its registered agent: CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. The Defendant may be served with citation by serving its registered agent.

## JURISDICTION AND VENUE

3.1     The subject matter in controversy is within the jurisdictional limits of this court.

3.2     This court has jurisdiction over the parties because Defendant is a corporation registered to CT Corporation Systems.

3.3     Venue in Bexar County is proper in this cause under Section 15.002 (a)(l) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

4.1     This lawsuit results from a fall that occurred on or about October 27, 2018 on the premises of Defendant located at 5626 Walzem Road, San Antonio, Bexar County, Texas 78218.   At all times prior thereto, Defendant, had complete control over the premises located in Bexar County, Texas.   At the time and on the occasion in question, Plaintiff, slipped on a substance on the floor and impacted the floor owned by Defendant. During the course of Plaintiff's visit on Defendant's premises, Plaintiff was caused to suffer extensive injuries when she slipped and fell and impacted the floor.   These injuries were serious in nature and required Plaintiff to seek medical attention.

4.2     Plaintiff's bodily injuries occurred as a direct result of a fall that was proximately caused by the unreasonably dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

4.3     Plaintiff had no knowledge of the dangerous condition that existed and could not reasonably have been expected to discover the condition.

## LIABILITY OF WALMART STORES, INC.

5.1     At all times mentioned herein, Defendant owned the premises in question, located at 5626 Walzem Road, San Antonio, Bexar County, Texas 78218.

5.2     At all times mentioned herein, Defendant had such control over the premises in question that Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

5.3     This condition existed despite the fact that Defendant or Defendant's agents knew or should have known of the existence of the substance on the floor, and that there was a likelihood of a person being injured as occurred to Plaintiff.

5.4     Furthermore, Plaintiff would show the court that the condition of the floor continued for such a period of time that, had Defendant or Defendant's agents exercised ordinary care in the maintenance of its floor, it would have been noticed and corrected by such persons.

5.5     At all times pertinent herein, Defendant, and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct towards the Plaintiff in:

(a)     Failing to properly inspect and maintain the store in a reasonably safe manner;

(b)     Failing to warn Plaintiff and others of the unreasonably dangerous condition of the floor;

(c)     Failing to give warnings to Plaintiff of the substance substance that existed.

(d)     Failing to post warning signs, cones or protective barriers around the substance.

(e)     Failing to discover and remove the substance in the way of customers that may cause harm to customers; and

(f)    Failing to discover and remove the substance within a
        reasonable time.

## PROXIMATE CAUSE

6.1    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF

7.1    Defendant's acts or omissions described above, when viewed from the standpoint of Plaintiff at the time of the act or omissions, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

7.2    Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff and others.

7.3    As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, KAREN MILLS, was caused to suffer personal injuries and to endure pain and illness resulting in damages more fully set forth below.  Plaintiff, KAREN MILLS, sustained injuries to her right knee, left knee, back, hip, buttock and legs and suffers from right knee pain, left knee pain, lower back pain, mid back pain, sprain of ligaments of thoracic spine, sprain of ligaments of lumbar spine, sprain of knee, pain in thoracic spine, low back pain, pain in right knee, pain in left knee, contusion of right knee, muscle spasms, tissue adhesions, swelling and inflammation. These injuries were serious in nature and required Plaintiff to seek medical attention.

7.4    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, KAREN MILLS, has incurred the following damages;

(a)    Reasonable medical care and expenses in the past;

(b)    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

(c)    Physical pain and suffering in the past;

(d)    Mental anguish in the past;

(e)    Physical pain and suffering in the future;
(f)    Mental anguish in the future;

(g)    Physical impairment in the past; and

(h)    Physical impairment which, in all reasonable probability, will be suffered in the future.

8.1    Plaintiff seeks pre-judgment interest and post-judgment interest at the maximum and monetary relief over ONE HUNDRED THOUSAND DOLLARS ($100,000.00) but not more than TWO HUNDRED THOUSAND DOLLARS ($200,000.00) including damages of any kind, penalties, costs, expenses, pre-judgment interest, post-judgment interest and attorney's fees are being sought.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, KAREN MILLS, respectfully prays that the Defendant, WALMART STORES, INC., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff, KAREN MILLS, against Defendant, WALMART STORES, INC., for damages aforementioned above, penalties, costs, expenses, pre-judgment interest, post-judgment interest at the maximum rate allowed by law and such other and further relief to which the Plaintiff, KAREN MILLS, may be entitled at law.

Respectfully submitted,

THE LAW OFFICES OF WILLIAM BONILLA, P.C.

CLAY BONILLA
State Bar No. 24055193
2727 Morgan Avenue
Third Floor, Bonilla Plaza
Corpus Christi, Texas 78405
Telephone No.: 361-882-8284
Facsimile No.: 361-881-1031
Email:

**ATTORNEY FOR PLAINTIFF**

# Exhibit B

 CT Corporation

**Service of Process Transmittal**
11/16/2020
CT Log Number 538604267

TO:     Kim Lundy Service Of Process
        Walmart Inc.
        702 SW 8TH ST
        BENTONVILLE, AR 72716-6209

RE:     **Process Served in Texas**

FOR:    Wal-Mart Stores, Inc.  (Former Name)  (Domestic State: DE)
        WALMART INC. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mills Karen, Pltf. vs. Walmart Stores, Inc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation(s), Petition |
| **COURT/AGENCY:** | 166th Judicial District Court Bexar County, TX Case # 2020CV04280 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 10/27/2018 - Bexar County, Texas. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/16/2020 at 04:23 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Clay Bonilla William Bonilla, P.C. 2727 Morgan Avenue Third Floor, Bonilla Plaza Corpus Christi, TX 78405 361-882-8284 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/17/2020, Expected Purge Date: 11/22/2020

Image SOP

Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:** **ADDRESS:** | C T Corporation System 1999 Bryan St Ste 900 Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

ON TIME PROCESS
PRIVATE PROCESS
1-800-27 P-6694
11-16-2020 Ame

Case Number: 2020CV04280

2020CV04280   S00001

KAREN MILLS
VS.
WALMART STORES INC
(Note:Attached Document May Contain Additional Litigants.)

IN THE COUNTY COURT
AT LAW NO. 10
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: WALMART STORES INC
REGISTERED AGENT: CT CORPORATION SYSTEM
1999 BRAYN ST STE. 900
DALLAS, TX 75201-3140

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 3rd day of September, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 10TH DAY OF SEPTEMBER, A.D., 2020.

CLAY BONILLA
ATTORNEY FOR PLAINTIFF
2727 MORGAN AVE
CORP CRISTI, TX 78405-1821



LUCY ADAME-CLARK
County Clerk of Bexar County, Texas
Bexar County Courthouse
100 Dolorosa Suite 104
San Antonio, Texas 78205

By Destiny Alaquinez, Deputy

---

KAREN MILLS
VS
WALMART STORES INC

**Officer's Return**

Case Number: 2020CV04280
Court: County Court at Law No. 10

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION on the date of delivery endorsed and to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

RETURN TO COURT(DKC001)

# Exhibit C

E-FILED
Bexar County, County Clerk
Lucy Adame-Clark
Submission Date: 12/4/2020 3:28 PM
Accepted Date: 12/7/2020 8:15 AM
Accepted By: Juan Teniente
Deputy Clerk

# 2020CV04280

NO.: 2020CV04280

| | | |
|---|---|---|
| KAREN MILLS | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. ~~2020CV04280~~ 10 |
| | § | |
| WAL-MART STORES, INC. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WAL-MART STORES, INC., Defendant in the above numbered and entitled cause of action, and files this Original Answer to Plaintiff's Original Petition and for support thereof would respectfully show unto the Court as follows:

I.

Defendant asserts denials, under Rule 92 of the Texas Rules of Civil Procedure, to each and every allegation contained in the said Petition, and demands strict proof thereof.

II.

Pleading further and without waiving the foregoing, Defendant asserts that if Plaintiff suffered injuries as a result of the incident made the basis of this lawsuit, which Defendant expressly denies by the filing of this pleading, that said injuries were caused in whole or in part by Plaintiff's own negligence or responsibility. Accordingly, Defendant asserts all rights, privileges and remedies afforded or available pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code.

III.

Pleading further and without waiving the foregoing, Defendant asserts that any damages allegedly suffered by Plaintiff as a result of the incident made the basis of this lawsuit, which Defendant expressly denies by the filing of this pleading, were exacerbated by Plaintiff's failure

to mitigate said damages. Accordingly, Defendant asserts all rights, privileges and remedies afforded or available to it pursuant to the Texas Civil Practices and Remedies Code.

IV.

Pleading further and without waiving the foregoing, Defendant asserts that Plaintiff's recovery of medical or health care expenses, if any, is limited to the amount actually paid or incurred by or on behalf of Plaintiff. Accordingly, Defendant asserts all rights, privileges and remedies afforded or available to it pursuant to §41.0105 of the Texas Civil Practices and Remedies Code.

V.

Pleading further and without waiving the foregoing, Defendant asserts that Plaintiff may have had pre-existing injuries and/or conditions to Plaintiff's body, and if Plaintiff was injured as a result of the alleged incident, such injury is due, in whole or in part, to these pre-existing injuries or conditions.

VI.

Pleading further and without waiving the foregoing, Defendant asserts that the incident in question was proximately caused or solely proximately caused by the negligent and/or wrongful conduct of persons or third parties outside the control of this Defendant. Accordingly, Defendant asserts all rights, privileges and remedies afforded or available to it pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code.

VII.

Pleading further and without waiving the foregoing, Defendant would show that Plaintiff's alleged injuries and damages are the result of subsequent injuries or conditions which

were a proximate cause, or producing cause, or the sole producing cause of Plaintiff's injuries

and/or damages and not the result of any negligence on the part of this Defendant.

VIII.

Pleading further and without waiving the foregoing, Defendant specifically reserves the

right to amend this Answer, as is its right under the Texas Rules of Civil Procedure.

PREMISES CONSIDERED, WAL-MART STORES, INC. prays that Plaintiff take

nothing by this lawsuit, and that Defendant be allowed to go hence without day and recover all of

their costs and attorneys' fees, and such other and further relief, both special and general, at law

or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

DAW & RAY, LLP

/s/  *Willie Ben Daw, III*
Willie Ben Daw, III; TBN: 05594050
Email: wbdaw@dawray.com
James K. Floyd; TBN: 24047628
Email: jfloyd@dawray.com
14100 San Pedro Ave., Suite 302
San Antonio, Texas 78232
(210) 224-3121 Telephone
(210) 224-3188 Facsimile

**ATTORNEYS FOR DEFENDANT**
**WAL-MART STORES, INC.**

## **CERTIFICATE OF SERVICE**

    The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record by electronic service on this the 4th day of December, 2020.

Clay Bonilla                                  Email: claybonilla@hotmail.com
THE LAW OFFICES OF WILLIAM BONILLA, P.C.
2727 Morgan Avenue
Corpus-Christi, Texas, 78405


                           /s/  *Willie Ben Daw, III*
                           Willie Ben Daw, III

# Exhibit D

**2020CV04280**

NO.: 2020CV04280

E-FILED
Bexar County, County Clerk
Lucy Adame-Clark
Submission Date: 12/4/2020 3:28 PM
Accepted Date: 12/7/2020 8:15 AM
Accepted By: Juan Teniente
Deputy Clerk

| | | |
|---|---|---|
| KAREN MILLS | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. ~~2020CV04280~~ **10** |
| | § | |
| WAL-MART STORES, INC. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY TRIAL

COMES NOW, Defendant WAL-MART STORES, INC. and hereby demands a jury trial as is their right under Tex. Const. Art. I, § 15. Such demand for jury trial is hereby made more than 30 days before the date this case is set for trial in accordance with Tex. R. Civ. P. 216. Defendant tenders the jury fee contemporaneously with the filing of this jury demand which they may show themselves justly entitled.

Respectfully submitted,

DAW & RAY, LLP

/s/ *Willie Ben Daw, III*

Willie Ben Daw, III; TBN: 05594050
Email: wbdaw@dawray.com
James K. Floyd; TBN: 24047628
Email: jfloyd@dawray.com
14100 San Pedro Ave., Suite 302
San Antonio, Texas 78232
(210) 224-3121 Telephone
(210) 224-3188 Facsimile

**ATTORNEYS FOR DEFENDANT
WAL-MART STORES, INC.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record by electronic service on this the 4th day of December, 2020.

Clay Bonilla                                                    Email: claybonilla@hotmail.com
THE LAW OFFICES OF WILLIAM BONILLA, P.C.
2727 Morgan Avenue
Corpus-Christi, Texas, 78405


/s/   *Willie Ben Daw, III*
Willie Ben Daw, III

# Exhibit E



## COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2020CV04280

**Name**: KAREN MILLS

**Date Filed** : 9/3/2020

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 010

**Docket Type** : PREMISES

**Business Name** : 2020CV04280

**Style** : KAREN MILLS

**Style (2)** : vs WALMART STORES INC

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00005 | 12/4/2020 | DEFENDANT JURY DEMAND |
| P00004 | 12/4/2020 | ANSWER TO ORIGINAL PETITION<br>DEFENDANT, WAL-MART STORES INC'S<br>ORIGIANL ANSWER TO PLAINTIFF'S ORIGINAL<br>PETITION (4PGS) |
| P00003 | 11/20/2020 | CITATION<br>SERVICE RETURN |
| S00001 | 9/10/2020 | CITATION<br>WALMART STORES INC<br>ISSUED: 9/10/2020 RECEIVED: 11/15/2020<br>EXECUTED: 11/16/2020 RETURNED: 11/20/2020 |
| P00002 | 9/3/2020 | PETITION<br>ISSUANCE OF SERVICE |
| P00001 | 9/3/2020 | PLAINTIFF ORIGINAL PETITION |

# Exhibit F

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

KAREN MILLS                          §
                                     §
VS.                                  §          CIVIL ACTION NO.:
                                     §
WALMART STORES, INC.                 §          JURY DEMANDED

### LIST OF COUNSEL OF RECORD

1. Clay Bonilla; SBN: 24055193
   Email: claybonilla@hotmail.com
   The Law Offices of William Bonilla, P.C.
   2727 Morgan Avenue
   Third Floor, Bonilla Plaza
   Corpus Christi, Texas 78405
   (361) 882-8284 Telephone
   (361) 881-1031 Facsimile
   **ATTORNEYS FOR PLAINTIFF,**
   **KAREN MILLS**

2. Willie Ben Daw, III; TBN: 05594050
   Email: wbdaw@dawray.com
   James K. Floyd; TBN: 24047628
   Email: jfloyd@dawray.com
   Elizabeth W. Yancy; TBN: 24098642
   Email: eyancy@dawray.com
   Daw & Ray, LLP
   14100 San Pedro, Suite 302
   San Antonio, Texas 78232
   (210) 224-3121 Telephone
   (210) 224-3188 Facsimile
   **ATTORNEYS FOR DEFENDANT,**
   **WALMART STORES, INC.**